### L. E. MARTIN v. SAMUEL RAY ET AL.

**Deeds—Evidence Aliunde as to Ownership.**

In a controversy over a lost deed of purchase, and a denial of joint ownership is set up, evidence aliunde as to recognition by defendant of an exercise of joint ownership by the plaintiff shortly after the alleged purchase, will preponderate.

APPEL FROM MONROE CIRCUIT COURT.

November 19, 1869.

OPINION OF THE COURT BY JUDGE HARDIN:

The appellant brought this suit in equity against Samuel Ray, Jr., James T. Chism and John Dixon, alleging in substance that W. P. Witcher contracted with Dixon for the purchase of a house and two lots in the town of Thompinsville and afterwards the plaintiff and Ray became substituted for Witcher and paid for the property jointly and received Dixon's deed, which, after being recorded in the Monroe county court clerk's office, was destroyed, by the burning of that office, in both the original writing and record, and that Ray aftewards fraudulently set up claim to the entire property and sold and executed a deed for it to Chism, which the plaintiff prayed to have set aside; and he further sought a sale of the property and an equal division of the proceeds and a conveyance from Dixon to the purchaser.

The defendants controverted all the allegations of the petition importing a joint purchase and conveyance, or any interest of the plaintiff in the property; and alleged that it was exclusively purchased and paid for by Ray for Chism, to whom Ray afterwards conveyed it, Dixon having made a deed to Ray alone.

For the plaintiff it was proved by the clerk that according to his recollection the deed was made to Ray and Martin jointly, and two other witnesses prove facts conducing to show a joint ownership of the property by them. But on the other side Dixon testified that Ray alone bought and paid for the property, and that the deed was made to him, and that the plaintiff had nothing to do with the purchase.

The only question in the case, then is one of fact; was the title in Martin and Ray jointly, or in Ray exclusively? It would seem that the clerk and Dixon were alike liable to be mistaken or to have forgotten the facts after a number of years, and although as Dixon alone prayed the payment of the purchase money, it must be taken from his testimony that Ray paid it alone, yet this may be true and yet Ray in paying the money as well as in negotiating the purchase may have acted for himself and Martin jointly, particularly as they appear to have been partners in business at one time. But as it is proved by the witnesses Peck and Huggins that after the purchase was made the plaintiff and Ray exercised joint ownership and control of the property, and Ray before he attempted to sell and convey to Chism recognized the

---
Opinion of the Court.
---

plaintiff as a joint owner of the property with himself the evidence preponderates in favor of the conclusion that the title was rightly conveyed by Dixon to Ray and the plaintiff jointly.

We do not, therefore, concur in the judgment dismissing the petition. But it seems to us the plaintiff was entitled to relief.

Wherefore, the judgment is reversed and the cause remanded for further proceedings not inconsistent with this opinion.

*Leslie and Botts, for appellant.*